UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| SERTA, INC., ) | |
| ) | |
| Plaintiff, ) | CASE NO.: 1:07-cv-2823 |
| ) | |
| v. ) | JUDGE: KATHLEEN M. O'MALLEY |
| ) | |
| COMMERCIAL HOSPITALITY, ) | |
| COMMERCIAL PROPERTY SUPPLY ) | |
| D/B/A COMMERCIAL SUPPLY ) | ORDER |
| COMPANY, and PATEL PROPERTIES ) | |
| ASSOCIATION, ) | |
| ) | |
| Defendants. ) | |

This matter came to be heard on Plaintiff, Serta, Inc.'s, Motion for Default Judgment (Doc. 7). Defendants Commercial Hospitality, Commercial Property Supply d/b/a Commercial Supply Company and Patel Properties Association were given notice of the Motion, and had a full and fair opportunity to be heard.

Having carefully considered Serta's Motion for Default Judgment, as well as the pleadings, documentary evidence, and arguments, this Court finds that (i) Serta will suffer irreparable injury should the Court not issue an injunction; (ii) there is no adequate remedy at law; (iii) the balance of hardships favors Serta; and (iv) the granting of an injunction serves the public interest.

NOW THEREFORE, it is hereby **ORDERED** that Defendants, and their officers, agents, servants, employees, and persons in active concert or participation with them are hereby enjoined from:

(1) The use, in any manner whatsoever, of the SERTA trademark, the Counting Sheep trademark shown in United States Trademark Registration No. 2,822,203 attached hereto, the PERFECT SLEEPER trademark, and the FIREBLOCKER

trademark, including United States Trademark Registrations Nos. 2,041,918, 2,041,919, 1,864,743, 2,822,203, 2,037,182 and 2,927,018 (collectively, the "Serta Trademarks") (*see* Doc. 1-2), or any other mark which is a colorable imitation or is confusingly similar in any manner to the Serta Trademarks, including phonetic equivalents;

(2) The representation, in any manner or by any method whatsoever, that any goods sold by Defendants are sponsored, approved, or authorized by Serta, or from otherwise taking any action likely to cause confusion, mistake, or deception on the public as to the origin, approval, sponsorship or certification of Defendants' goods or services;

(3) Faxing, mailing, or otherwise distributing advertisements to customers which advertise Serta products or use the Serta Trademarks; and

(4) Requesting or receiving payment for Serta products which Defendants do not have in inventory.

Defendants shall also produce to Mr. Joseph P. Rodgers, Plaintiff's counsel, at 4900 Key Tower, 127 Public Square, Cleveland, Ohio 44114, by or before 12:00 p.m. on November 30, 2007, any and all packaging, advertisements, point of sale signs, brochures, promotional items, and the like in its possession or control which might, if sold or used in conjunction with the sale, distribution, or promotion of any product violate any injunction granted herein.

Citing § 35 of the Lanham Act, 15 U.S.C. § 1117(a), and § 4165.03 of the Ohio Revised Code, the Plaintiff also requests an award of its reasonable attorneys' fees and costs in pursuing this action. The Plaintiff argues that an award of reasonable attorneys' fees is appropriate here because this is an exceptional case in which the Defendants have willfully caused confusion or misunderstanding as to their affiliation, connection or association with, or certification by, Serta.

The Court **ORDERS** the Plaintiff to file a brief in support of its request for attorneys' fees, along with a bill of costs and declaration regarding its attorneys' fees within twenty (20) days of the entry of this Order. The Court will then set a hearing to consider the propriety of a fee award, and, if fees are deemed appropriate, the amount of such fees.

**IT IS SO ORDERED.**

                                            s\Kathleen M. O'Malley_____
                                            **KATHLEEN McDONALD O'MALLEY**
                                            **UNITED STATES DISTRICT COURT JUDGE**

**Dated: November 2, 2007**